**ALD-261**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3771
_____

PHILIP FRAZIER,
                                        Appellant

v.

SCI MEDICAL DISPENSARY DOCTOR; TWO SCI STAFF MEMBERS; R.
HEASTER; J. WHITESAL; F. CAMPOPIANO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 07-cv-00194)
District Judge: Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 5, 2010
Before:  SLOVITER, AMBRO AND SMITH, Circuit Judges

(Opinion filed: August 23, 2010)
_____

OPINION
_____

PER CURIAM

    Philip Frazier, a state prisoner proceeding pro se, appeals from the District Court's

entry of summary judgment in favor of the defendants.  Because the District Court's ruling

was proper and this appeal does not present a substantial question, we will summarily affirm.

See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

The facts of the case are well summarized in the Magistrate Judge's extensive Report and Recommendation. Briefly stated, Frazier's complaint alleges that he was given two injections in 2006. He alleges that while he was told they were for the prevention of pneumonia and tetanus, they actually contained anti-psychotic medication which caused him pain and suffering. Frazier filed two grievances using the prison's internal procedures. After the grievances were rejected on procedural grounds, Frazier filed a civil suit under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs.

Frazier initially named as defendants the Commonwealth of Pennsylvania, his prison Superintendent John A. Palakovich, the "medical dispensary doctor," and the two staff members who gave him the injections at issue. These final three defendants are collectively referred to as the "unnamed defendants." The Commonwealth and Palakovich filed motions to dismiss under Rule 12(b)(6), which the Magistrate Judge recommended granting. The Magistrate Judge also directed Frazier to file an amended complaint identifying the three "unnamed defendants." The District Court adopted the recommendation and granted the motion to dismiss, but granted Frazier leave to amend. Frazier filed an amended complaint, again naming as defendants Palakovich, Dispensary Doctor, and two members of the prison's medical staff. Further, Frazier also named F. Campopiano, R. Heaster, and J. Whitesal (Campopiano, Heaster, and Whitesal collectively referred to as the "Committee

2

defendants").[1] The Magistrate Judge sua sponte recommended that the District Court dismiss the complaint (1) as to Palakovich because Frazier had included no new allegations as to him, and (2) as to the unnamed defendants because Frazier had not identified them as required by the previous order. The District Court adopted the first recommendation but not the second, and allowed Frazier to seek the identity of the unnamed defendants during discovery.

Frazier never identified the unnamed defendants, and the Committee defendants ultimately moved for summary judgment, asserting that Frazier failed to properly follow the prison's grievance procedures and had therefore not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a). The Magistrate Judge recommended granting the Committee defendants' motion on that basis and dismissing as to the still-unnamed defendants. The District Court adopted that recommendation by order entered September 14, 2009. Frazier appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a grant of summary judgment de novo, and thus apply the same standard as that used by the District Court. A court may grant summary judgment if, drawing all inferences in favor of the nonmoving party, 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled is entitled to judgment as a matter of law.'" American Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d

---

[1] F. Campopiano, R. Heaster, and J. Whitesal are three members of the prison Program Review Committee responsible for evaluating prisoner grievances.

575, 580-81 (3d Cir. 2009) (citations omitted).

The District Court correctly dismissed the claims against Palakovich. Frazier never alleged any personal involvement by Palakovich, making any § 1983 deliberate indifference claim untenable as to the prison superintendent. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

The PLRA requires a prisoner to exhaust his prison administrative remedies before filing suit. See Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000). Failure to properly exhaust the applicable administrative procedures can result in a dismissal of a claim on procedural grounds. See Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004); see also Woodford v. Ngo, 548 U.S. 81, 94-96 (2006) (holding that a prisoner's claim will be dismissed by the Court for failure to exhaust if it was denied by the prison for failing to follow proper internal procedures).

Here, Frazier's failure to utilize the proper internal procedures justified summary judgment in favor of the defendants. See Woodford, 548 U.S. at 94-96. Frazier's first grievance contained three separate issues, violating the prison's reasonable administrative procedure requiring that each claim be presented separately. See Pa. Dep't of Corr. Policy No. DC-ADM 804 VI[A][11] (2005) ("Grievances and appeals based on different events must be presented separately, unless it is necessary to combine the issues to support the claim."). In addition, Frazier did not appeal the denial within the grievance system.

Frazier's second grievance was limited to his "failure to receive explanation [sic] for

4

illegal injection of drugs." This grievance was denied as untimely since more than 15 days had elapsed since the injections. See Pa. Dep't of Corr. Policy No. DC-ADM 804 VI[A][8] ("The inmate must submit a grievance for initial review . . . within 15 working days after the event upon which the claim is based."). Although Frazier did appeal the denial of this grievance, he did not follow the proper procedure for doing so. Before receiving the superintendent's denial of the second level appeal, Frazier initiated a third level appeal that was denied pending the outcome of the second level review. In addition, Frazier's submission to the third level review was six pages in length and did not comply with the requirement that a statement of facts be brief. See Pa. Dep't of Corr. Policy No. DC-ADM 804 VI[D][1][e] (text of an appeal "must not exceed two pages"). Although the Chief Grievance Coordinator informed Frazier of his right to resubmit a "brief statement of facts" for the final administrative review, Frazier instead resubmitted his non-conforming six page appeal – which was again denied for failure to comply with the filing requirements. Frazier then initiated his action in the District Court. As we have described, however, Frazier never exhausted his remedies as to any grievance, making judgment in favor of the defendants proper. See Nyhuis, 204 F.3d at 68; see also Woodford, 548 U.S. at 94-96.[2]

---

[2]Frazier conceded that his grievances were technically deficient, but argued that he was unable to follow the proper procedures because he lacked access to the prison handbook while held in the Restrictive Housing Unit. Frazier never submitted any evidence in that regard. Even if his assertion is true, the District Court properly rejected it. As the Magistrate Judge explained, Frazier knew to appeal the denial of his second grievance because he did so in one instance, during the same time frame, without access to the handbook. The lack of handbook also does not explain Frazier's failure to properly appeal the denial of his

Accordingly, we will affirm the judgment of the District Court.[3]

---

second grievance, when the Chief Grievance Coordinator expressly gave him an opportunity to cure his defective appeal, which Frazier failed to do.

[3]    Our review of the record reveals no basis to challenge the District Court's other rulings.  Frazier primarily challenges the District Court's dismissal of the unnamed defendants, arguing that he was unable to determine their identity because it was not included in his prison medical records and because the Magistrate Judge denied his motions to compel discovery.  Although Frazier has not directly challenged the Magistrate Judge's rulings (which he did not appeal to the District Court), we perceive no error in denial of the motion to compel discovery.  It is was not until Frazier sought reconsideration that he provided evidence to the Magistrate Judge indicating that (i) he had followed prison procedures to obtain his medical records and (ii) those records did not reveal the identity of the unnamed defendant. (Dist. Ct. Docket No. 65.)  This evidence was not new, as Frazier possessed it when he filed his motion in chief.  He also filed the motion to compel well after the discovery deadline.  The Magistrate Judge denied his motion for reconsideration for both of those reasons. (Dist. Ct. Docket No. 68.)  We cannot say this was error.  In addition, although failure to exhaust is an affirmative defense that must be raised and established by defendants, we note that the exhaustion discussion above would appear to apply to the unnamed defendants as well.